BOROUGH OF VERONA AND ANOTHER v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ESSEX.

Argued February 17, 1915—Decided November 16, 1915.

1. The board of chosen freeholders of Essex as successors of the Essex Public Road Board, is authorized to vacate gores and angles of old roads appropriated to Bloomfield avenue, outside of the seventy-five feet allowed by statute for the width of the avenue.
2. Where the vacation of gores and angles formerly part of a highway, does not make access to the prosecutor's property more inconvenient nor close any highway and there is no statutory provision for damages in case of vacation, the prosecutors are not entitled to notice of the proceedings to vacate.

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutors, *Borden D. Whiting.*

For the defendants, *Robert M. Boyd, Jr.,* and *Harold A. Miller.*

The opinion of the court was delivered by

SWAYZE, J. The prosecutors seek to set aside a resolution of the board of freeholders vacating all the strips and tracts of land formerly included within Bloomfield avenue, and now lying outside of the present established lines of the avenue in the borough of Verona, the township of Caldwell, and the borough of Caldwell, formerly known as the old Newark and Horseneck road. The so-called Horseneck road is an old colonial highway. In later days, a branch of the Newark and Pompton turnpike was constructed following in a general way the old road, in part coincident with it, in part lying outside. In 1869 the Essex Public Road Board was created. *Pamph. L., p.* 957. It seems at once to have prepared a map of a proposed avenue which acquired the name Bloom-

field avenue. In 1870 by a supplement to its charter (*Pamph. L., p.* 181) the road board was authorized to lay out, construct, appropriate, improve and maintain certain named avenues, one of which was Bloomfield avenue. Section 2 of the supplement vested the road board with all the rights and powers necessary and expedient to survey, lay out, locate, construct, reconstruct and maintain the avenues and roads and to vacate such parts of existing roads as might be necessary therefor. A proviso enacted that such parts of the avenue as extend west of the summit of the First mountain should not exceed in width seventy-five feet. This limited the width of the avenue now in question through the borough of Verona. The board of freeholders has succeeded to the powers of the road board. · Bloomfield avenue was constructed along the lines of the Newark and Pompton turnpike and the Horseneck road, at first forty, and later seventy-five feet wide. The lines of the avenue were not coincident with the lines of either the turnpike or road; gores and angles were left which had been part of the old highways but were outside the lines of Bloomfield avenue. These gores and angles were separated by the lines of the new avenue and did not themselves form a connected highway. The prosecutors challenge the right to vacate the gores and angles. That the language of the statute gives the board power to vacate such parts of the existing road as may be necessary for the construction of the avenue is plain and is not disputed. The question raised is whether the power to vacate is within the title of the act. The title is "An act constituting a public road board for the laying out, constructing, appropriating, improving, maintaining public carriage roads in the county of Essex." The word "appropriating" is unusual and is evidently intended to point out the power given the board by the act to appropriate and take into their charge all the existing public roads or highways or any parts thereof. The supplement of 1870 specifically authorized the board to purchase or take any turnpike road. (Section 16.) *Van Riper* v. *Essex Public Road Board,* 38 *N. J. L.* 23. It has never been questioned, and we think it clear, that the title of the

act indicated that the board was to have entire control of the avenues. Under that title the legislature might enact any provisions necessary to secure such control. This necessarily included the power to vacate the old road if necessary to prevent a conflict of jurisdiction with the township or borough. Indeed the appropriation of the old road involved the vacation thereof and the substitution of the new avenue. After the appropriation the power of the township authorities was at an end. There is nothing to indicate that this appropriation was to be of a part of the old road. On the contrary, the natural implication is, that if appropriated at all, it was to be appropriated as an entirety as far as it lay between the prescribed termini of the new avenue. It seems to us equally clear that it was competent for the legislature under the title to enact provisions for any action that might be rendered necessary as a result of the appropriation of the old road and the construction of the new avenue. It was certainly proper to enact that the avenue should not exceed seventy-five feet in width, and that the board might widen or straighten any avenue. After appropriating the Horseneck road, and straightening the lines of the avenue, the gores and angles in question remained. Perhaps they were still subject to the public easement, and as the legislature had enacted that the avenue should not exceed seventy-five feet in width, it was necessary that the possible public easement in gores and angles outside of the seventy-five feet should be terminated, in order to relieve the board from the responsibility of maintenance and make the width of the avenue what the legislature said it should be. For this purpose it was necessary that these gores and angles should be vacated. We think therefore that the board was authorized to pass the resolution in question.

It is said, however, that it was not authorized to do so without notice to the prosecutors. This depends upon whether the action of the freeholders in vacating the gores and angles was judicial in character. We think it was not. In *Moore v. Haddonfield*, 62 *N. J. L.* 386, the Court of Errors and Appeals said: "As to all public rights in the street, the mu-

nicipal action was clearly legislative. It became judicial only in case it imposed an additional burden upon the land of the abutting owners." This rule was subsequently approved by the same court in a case where the facts led to a different result. *Sears* v. *Atlantic City,* 73 *Id.* 710 (at *p.* 713). The facts of the present case do not require us to pass on the general question whether proceedings to vacate a highway may not be judicial in character. All that we need pass on is whether they are so in the present case. No highway is closed; the vacation of the gores is not shown even to make access to the prosecutors' property more inconvenient; as far as the case shows, land of the prosecutors which was formerly subject to the public easement is relieved therefrom. It is settled that the vacation of a street does not impair private rights, and in the absence of a statute giving damages, even a landowner who is injured is not entitled to compensation. *Newark* v. *Hatt,* 77 *Id.* 48 (at *p.* 51); 79 *Id.* 548, 550. The prosecutors were certainly not subjected to any additional burden and were not entitled to notice.

The proceedings are affirmed, with costs.